UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FERNANDES,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant. | No. 2:24-cv-01946-DAD-JDP<br><br>ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 4) |

    This matter came before the court on July 19, 2024 for a hearing on plaintiff's *ex parte* application for a temporary restraining order. (Doc. No. 4.) Attorney Sarah Shapero appeared by video on behalf of plaintiff Paul Fernandes. Despite having been served with the motion, notice of the hearing and the necessary information to appear at the hearing, no appearance was made on behalf of defendant Nationstar Mortgage LLC. For the reasons explained below, plaintiff's application for a temporary restraining order will be granted.

**BACKGROUND**

    On July 16, 2024, plaintiff filed his complaint against defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper, seeking a temporary restraining order deferring a trustee sale of plaintiff's property scheduled for July 22, 2024. (Doc. No. 1.) In his complaint, plaintiff alleges as follows.

/////

1

1    Plaintiff resides at and owns the property located at 3136 Sceptre Drive, Rocklin,
2 California ("the property"), which he purchased via grant deed on or about April 6, 2004. (*Id*. at
3 ¶¶ 13, 14.)  Plaintiff concurrently executed a $360,000 loan with Bank of America. (*Id*. at ¶ 14.)
4 At some point, defendant Nationstar became the servicer of plaintiff's loan. (*Id*. at ¶ 15.)  On or
5 about August 13, 2018, a notice of default was recorded on the property for an amount of
6 $204,787.  (*Id*. at ¶ 16.)

7    On or about January 1, 2016, plaintiff had filed a filed a voluntary petition for chapter 13
8 bankruptcy in the United States Bankruptcy Court for the Eastern District of California. (*Id.* at
9 ¶ 17.)  On or about March 3, 2020, that bankruptcy was dismissed.  (*Id*. at ¶ 18.)

10   On or about November 11, 2021, plaintiff filed a voluntary petition for chapter 13
11 bankruptcy in the United States Bankruptcy Court for the Eastern District of California. (*Id.* at
12 ¶ 19.)  On or about July 21, 2023, that bankruptcy was dismissed. (*Id*. at ¶ 20.)

13   On or about September 9, 2023, plaintiff filed a filed a voluntary petition for chapter 13
14 bankruptcy in the United States Bankruptcy Court for the Eastern District of California.[1] (*Id.* at
15 ¶ 21.)  On or about May 23, 2024, that bankruptcy was dismissed. (*Id*. at ¶ 22.)

16   On or about June 21, 2024, a Notice of Trustee's Sale ("NOTS") was recorded on
17 plaintiff's property.  (*Id*. at ¶ 23.)  Plaintiff then submitted a loan modification application to
18 defendant in late June 2024.  (*Id*. at ¶ 24.)  On July 4, 2024, plaintiff received a letter from
19 defendant informing him that his application for a loan modification was deemed complete as of
20 July 3, 2024 and was under review.  (*Id*. at ¶ 25.)

21   In a letter dated July 12, 2024, defendant notified plaintiff that his application for a loan
22 modification had been denied.  (*Id*. at ¶ 26.)  The letter also indicated that plaintiff had 30 days
23 from the date of the letter, or until August 12, 2024, to appeal that denial.  (*Id*.)

24 /////
25 /////

---

26
27
28

[1] In plaintiff's complaint, he alleges that the date of his filing of this voluntary petition was August 9, 2024, which would be after the date he alleges that the case was dismissed.  The court has reviewed Eastern District of California Bankruptcy Case No. 2:23-bk-23130 and determined that September 9, 2023 is the correct filing date of that petition.

Nonetheless, it appears defendant still intends to proceed with the sale scheduled for July 22, 2024. (*Id*. at ¶ 27.) Plaintiff stands to lose his home on this date while he is still within his appeal period. (*Id*. at ¶ 28.)

Based on the foregoing, plaintiff brings the following three claims against defendant: (1) violations of the Homeowner Bill of Rights ("HBOR"), California Civil Code § 2923.6; (2) violations of the HBOR, California Civil Code § 2923.7; and (3) the Unfair Competition Law ("UCL"). (Doc. No. 1 at ¶¶ 29–50.) Plaintiff alleges that this court has diversity jurisdiction because the amount in controversy exceeds $75,000 and is between citizens of different states.[2] (*Id*. at ¶¶ 4, 7) (citing 28 U.S.C § 1332(a)).

Plaintiff's prayer for relief seeks: that judgment is entered in plaintiff's favor and against defendant; damages, disgorgement, and injunctive relief; compensatory damages, attorneys' fees, and costs; and declaratory relief. (*Id*. at 8.)

On July 17, 2024, plaintiff filed an *ex parte* application for a temporary restraining order. (Doc. No. 4-1.) That same day, a summons was issued, and plaintiff also filed the declaration of his attorney describing efforts taken that day to notify defendant of this application. (Doc. Nos. 2, 4-2.) On July 18, 2024, the court set the matter for hearing. (Doc. No. 8.) Plaintiff's attorney

---

[2] As discussed at the hearing, plaintiff's complaint contains contradictory allegations supporting this court's jurisdiction. Plaintiff alleges that he resides in and is a citizen of California. (Doc. No. 1 at ¶ 6.) He also alleges that defendant "is a limited liability company with a residency in Texas." (*Id*. at ¶ 7.) Plaintiff then alleges, however, that "defendant is a citizen of Delaware" in that "the citizenship of a corporation for diversity jurisdiction is where it has been incorporated and where it maintains its principal place of business." (*Id*.) While plaintiff's statement of law in this regard is correct, it is also not relevant here since plaintiff has alleged that defendant is not a corporation, but an LLC. An LLC "is the citizen of every state where its owners or members are citizens, regardless of its state of formation or principal place of business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611–12 (9th Cir. 2016). The citizenship of all members must be alleged, and the burden of establishing jurisdiction rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). At the hearing on the pending application, plaintiff's counsel represented that she has a good faith belief that all of defendant LLC's members are citizens of Texas. This representation is in accord with the court's own research; the court has visited the California Secretary of State Business Search website and has identified that defendant is an LLC with three members, all of whom have Texas addresses. Accordingly, the court believes that defendant is a citizen of Texas, not of Delaware, and that this court has diversity jurisdiction over this matter. However, as the court instructed plaintiff at the hearing, to proceed in this action plaintiff must amend his complaint to include proper allegations supporting the location of defendant's citizenship as an LLC.

subsequently filed a declaration that day describing her efforts to serve the defendant with the court's order and the access information for the hearing.  (Doc. No. 9.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."  *Id.* at 1134–35 (citation omitted).  The party seeking the injunction bears the burden of proving these elements.  *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").  Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor.  *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).  Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that

"serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131. "Because Plaintiffs seek a mandatory injunction, they 'must establish that the law and facts *clearly favor* [their] position, not simply that [they are] likely to succeed.'" *LA All. for Hum. Rts. v. Cnty. of Los Angeles*, 14 F.4th 947, 956 (9th Cir. 2021) (citation omitted).

**ANALYSIS**

**A.     Likelihood of Success on the Merits**

As stated previously, plaintiff alleges violations of the HBOR, California Civil Code §§ 2923.6 and 2923.7, and the UCL. Section 2923.6 prohibits "dual tracking," whereby a lender proceeds with the foreclosure process while reviewing a loan modification application. *See* Cal. Civ. Code § 2923.6(c). "Dual tracking has been heavily criticized by both state and federal legislators." *Bermudez v. Caliber Home Loans, Inc.*, No. 2:16-cv-01570-MCE-KJN, 2016 WL 3854431, at *2 (E.D. Cal. July 14, 2016). In July 2012, California passed the HBOR legislation to prohibit such practices and offer homeowners greater protection during the foreclosure process. *Id*. The statute provides that:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civil Code § 2923.6(c). Section 2923.6(d) further provides that "[i]f the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage

5

servicer's determination was in error." *Id*. § 2923.6(d). "Section 2923.6(c)–(d) thus 'prohibits recording a notice of default or sale and conducting that sale' while a loan modification application is pending." *Mcbride v. PHH Mortg. Corp.*, No. 2:23-cv-02242-WBS-DB, 2024 WL 557791, at *1 (E.D. Cal. Feb. 12, 2024) (quoting *Marquez v. U.S. Bank, N.A.*, No. 15-cv-06658-JAK-E, 2016 WL 2885857, at *7 (C.D. Cal. May 16, 2016)); *see also Shupe v. Nationstar Mortg. LLC*, 231 F. Supp. 3d 597, 602 (E.D. Cal. 2017) ("Part of HBOR, California Civil Code § 2923.6 places restrictions on the recording of Notices of Default or Notices of Trustee's Sale while a loan modification application is pending.").

     Here, plaintiff alleges that the NOTS was recorded on his property on June 21, 2024. (Doc. No. 1 at ¶ 23.) He also alleges that he then submitted a loan modification application in late June 2024. (*Id*. at ¶ 24.) In a letter dated July 12, 2024, he was notified that his application had been denied and that he had thirty days to appeal. (*Id*. at ¶ 26.) However, according to plaintiff, defendant still plans to proceed with the scheduled sale on July 22, 2024. (*Id*. at ¶ 27.) Based on these allegations, none of the three triggers provided for in § 2923.6(c) have occurred, as the appeal period of thirty days from the date of the written denial has not expired, and plaintiff was not offered a loan modification. It is clear to the court that, on the face of the statute and in light of plaintiff's allegations, going forward with a July 22, 2024 trustee's sale would violate the provisions of § 2923.6(c)–(d). *See Bermudez*, 2016 WL 3854431, at *2 ("It is clear then that, since Plaintiff's second loan modification was not denied until June 16, 2016, going forward with the July 15, 2016, trustee's sale would violate the provisions of section 2923.6(c) and (d)."). Accordingly, plaintiff has adequately shown that he is likely to succeed on the merits of his first claim brought under California's HBOR.[3] *See Lane v. Citimortgage, Inc.*, No. 2:14-cv-02295-KJM-KJN, 2014 WL 5036512, at *1 (E.D. Cal. Oct. 7, 2014) (finding a likelihood of success on the merits under California Civil Code § 2923.6(c) where the plaintiff showed that her appeal of her loan modification denial was still pending with no response); *Singh v. Bank of Am., N.A.*, No.

---

[3] Given the court's conclusion that plaintiff has demonstrated that he is likely to succeed on the merits of his first claim, the court expresses no opinion as to plaintiff's likelihood of success on his remaining two claims.

2:13-cv-00729-MCE-AC, 2013 WL 1759863, at *2–3 (E.D. Cal. Apr. 24, 2013) (finding that the "plaintiff has adequately shown he is likely to success on the merits" of his HBOR claim where he alleged that he never received a response to his application for a first lien loan modification); *Mcbride*, 2024 WL 557791, at *2 (enjoining a trustee's sale where the plaintiff completed an application for a loan modification and the defendant had only provided a conditional offer in response, which the court could not conclude was a final, written decision based strictly on the merits of the plaintiff's application).

**B.      Likelihood of Irreparable Harm, Balance of Equities & the Public Interest**

Plaintiff has also made a sufficient showing on each of the remaining three elements. As to irreparable harm, "loss of plaintiff's residence is a sufficient showing of irreparable harm." *Lane*, 2014 WL 5036512, at *2; *see also Kilgore v. Wells Fargo Home Mortg.*, No. 1:12-cv-00899-AWI, 2012 WL 2195656, at *1 (E.D. Cal. June 13, 2012) ("With respect to irreparable injury, a plaintiff's loss of her residence is usually sufficient to satisfy this element."). Plaintiff has shown immediate and irreparable injury will occur in the form of his loss of his home since 2004 if the foreclosure sale of his home proceeds as scheduled on July 22, 2024. (Doc. No. 4-1 at 5.)

In addition, the balance of the equities favors plaintiff: he will lose his residence if the sale goes forward, whereas defendant faces the "inability to foreclose." (Doc. No. 4-1 at 10.) The court observes that if the foreclosure sale on July 22, 2024 is enjoined, defendant will be required to wait for the requisite appeal period to expire and/or complete review of plaintiff's appeal based on his application for a loan modification before potentially continuing to proceed to foreclosure. Accordingly, consideration of this factor tips sharply in favor of plaintiff as well. *See Singh,* 2013 WL 1759863, at *3 ("[T]he balance of equities tips in Plaintiffs' favor as a TRO merely delays Defendant's right to foreclose."); *Mcbride*, 2024 WL 557791, at *2 ("There is injury and inconvenience on both sides, but the balance of it lies with plaintiff, and therefore cuts in favor of a temporary injunction.")

Finally, plaintiff argues that an injunction is in the public interest because it would simply give legal effect to the statutory protections allowing the right to appeal a loan modification

application denial. (Doc. No. 4-1 at 10.) "The public has a strong interest in foreclosure sales being conducted according to the letter and the spirit of the law." *Mcbride*, 2024 WL 557791, at *2. Accordingly, the court concludes that the public interest also militates in favor of granting plaintiff's request. *See Singh*, 2013 WL 1759863, at *2–3 (granting the plaintiff's application for a temporary restraining order and ordering the defendant to cancel the sale, noting that "an injunction is in the public's interest as it enforces a recently enacted law designed to protect the public").

## CONCLUSION

For the reasons explained above,

1. Plaintiff's *ex parte* application for a temporary restraining order (Doc. No. 4) is granted;

2. The court sets the following schedule with respect to plaintiff's motion for preliminary injunction:

    a. Plaintiff shall file its motion for preliminary injunction by September 4, 2024;

    b. Defendant shall file its opposition to the motion by September 18, 2024;

    c. Plaintiff shall file any reply to the opposition by September 25, 2024;

    d. The motion for preliminary injunction will be heard by the court on October 1, 2024 at 1:30pm via Zoom, with the Zoom ID number and password to be provided by email;

3. The court orders that, pending the hearing and determination of the motion for preliminary injunction, defendant shall be restrained and prevented from conducting a trustee's sale on the property located at 3136 Sceptre Drive, Rocklin, California;

4. No bond shall be required to be posted by plaintiff pursuant to Rule 65(c) of the Federal Rules of Civil Procedure;

5. Defendant is further notified of its right to apply to the court for modification or dissolution of this temporary restraining order, if appropriate and supported by a

/////

showing of good cause, on two (2) days' notice or such shorter notice as the court may allow.  *See* Fed. R. Civ. P. 65(b)(4) and Local Rule 231(c)(8).

IT IS SO ORDERED.

Dated:  **July 19, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE